# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

JAMES L. TATE, JR.,

       Plaintiff,

v.                        CASE NO.  4:13cv6-RH/CAS

R. RALPH et al.,

       Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 9, the objections, ECF No. 11, and a filing in which the plaintiff both purports to appeal from the report and recommendation to the Eleventh Circuit and asks for a stay or injunction pending appeal, ECF No. 10.  I have reviewed *de novo* the issues raised by the objections.  I accept the report and recommendation and adopt it as the court's opinion.  As set out there, the plaintiff has not paid the filing fee and is barred from proceeding *in forma pauperis* because he has had three or more prior dismissals that qualify as "strikes" under 28 U.S.C. § 1915(g).  The case thus must be dismissed.

In addition, I remand the case to the magistrate judge for assessment of any appropriate initial payment and periodic payments on the filing fees both for initiating the case in this court and for initiating the appeal, as required by the Prison Litigation Reform Act. *See*, *e.g.*, *Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3rd Cir. 2009) ("It is of no consequence whether an appeal is voluntarily dismissed, dismissed due to a jurisdictional defect, or dismissed on the merits—appellants are not entitled to the return of their filing and docketing fees."); *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) ("[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner . . . files an appeal." (internal quotations and citation omitted)); *Newlin v. Helmin*, 123 F.3d 429, 434 (7th Cir. 1997) (holding that the prisoner has to pay regardless of whether the prisoner is granted *in forma pauperis* status, because "[a]ny other reading would mean that the weakest, most malicious appeals would escape effective collection, while prisoners with more substantial claims would have to pay in full"), o*verruled on other grounds by Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000); *Leonard v. Lacy*, 88 F.3d 181, 184-85, 188 (2d Cir. 1996) (requiring fees to "be imposed prior to any assessment of the frivolousness of the appeal"; concluding that Congress intended to reduce frivolous prisoner claims "by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by

liability for filing fees"). *But see Smith v. District of Columbia*, 182 F.3d 25, 29-30 (D.C. Cir. 1999).

I deny leave to proceed *in forma pauperis* on appeal both because the plaintiff is ineligible to proceed *in forma pauperis*—he has three prior qualifying dismissals and thus is barred by § 1915(g) from proceeding *in forma pauperis*—and because any appeal will be frivolous and thus not taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that the appeal is not taken in good faith.

For these reasons,

IT IS ORDERED:

1.      The report and recommendation is ACCEPTED and adopted as the court's opinion.   The clerk must enter judgment stating, "The complaint is dismissed without prejudice under 28 U.S.C. § 1915(g)."  The clerk must close the file.

2.      The clerk must treat the plaintiff's paper filed on February 25, 2013, ECF No. 10, as both a notice of appeal and motion for a stay or injunction pending appeal.  The motion for a stay or injunction is DENIED.

3.      Leave to proceed on appeal *in forma pauperis* is DENIED.

4.     The case is remanded to the magistrate judge for assessment of any appropriate initial filing fee and periodic filing fees both in connection with the filing of this case in this court and in connection with the filing of the appeal.

SO ORDERED on March 7, 2013.

s/Robert L. Hinkle
United States District Judge